## IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAHORODNIUK VOLODYMYR,<br><br> Petitioner,<br><br>v.<br><br>FRED FIGUERORA, WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br> Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-26-1273-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Petitioner Zahorodniuk Volodymyr, an immigration detainee proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Because Petitioner is no longer in custody and this Court can grant no relief to Petitioner, the undersigned recommends the Court dismiss the petition as moot.

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.   Factual background and Petitioner's claims.

Respondents detained Petitioner on September 23, 2025. Doc. 1, at 2; Doc. 10, at 5. Petitioner is a native and citizen of Ukraine, who "was admitted to the United States on December 8, 2023[,] as a Ukrainian Humanitarian Parole[e]." Doc. 10, at 5 (citing Ex. 1). At bottom, Petitioner challenges his detention without a bond hearing under the Due Process Clause of the Fifth Amendment. Doc. 1, at 3. He seeks immediate release from Respondents' custody. *Id*. at 4.

## II.   Respondents' response and notice to the Court.

Respondents filed a response to the petition. Doc. 10. There, they notified the Court that Petitioner had resigned his application for admission to the United States and that Immigration & Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) "took affirmative and consistent steps to facilitate . . . Petitioner's departure from the United States." *Id*. at 5 (citing Ex. 5).

On July 14, 2026, the Court ordered Respondents to update the Court on the departure proceedings. Doc. 12. On July 16, 2026, Respondents informed the Court that Petitioner departed the United States on June 28, 2026. Doc. 13, at 1.

## III.   Screening.

2

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts;[2] *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion . . . to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief"). Having screened the petition, the undersigned recommends the Court dismiss the petition as moot.

## IV.  The petition is moot because Petitioner is no longer in custody.

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while they are incarcerated. *King v. Ciolli*, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (first citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); and then citing *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

---

[2]  The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing 2254 Cases may be applied discretionarily to habeas petitions under § 2241." (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005))).

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner was confined in this district when he filed his § 2241 petition. *See* Doc. 1, at 1. But he is no longer in custody as he has departed from the United States. *See* Doc. 13, at 1. Although this Court's jurisdiction attached when Petitioner filed his habeas corpus petition, his release from custody renders his petition moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

Once Respondents released Petitioner from their custody, he no longer had a redressable injury arising from his detention. *See id.* (holding that a "petitioner must demonstrate some concrete and continuing injury" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). So the best this Court could do would be to declare he was wrongfully in custody in the first place. But that determination is wholly outside this Court's jurisdiction. *See, e.g.*, *Olola v. U.S. Att'y Gen.*, 2018 WL 11446899, at *2 (D. Colo. Mar. 7, 2018) ("Applicant may not use a § 2241 habeas application challenging the lawfulness of federal custody to seek review of an order of removal in federal district court. . . . The courts of appeals are the sole and exclusive means for judicial review of challenges to removal orders, and district courts are divested of jurisdiction to do so." (citing 8 U.S.C. § 1252(a)(5)); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) ("The district court

5

lacked jurisdiction to consider Ferry's petition insofar as it challenged the DHS's administrative order of removal."); *Essuman v. Gonzales*, 203 F. App'x 204, 211 (10th Cir. 2006) ("The Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal." (internal quotation marks omitted)); 8 U.S.C. § 1252(a)(5), (b)(8)(C), (b)(9). So the Court should dismiss the petition as moot.

## V.    Recommendation and notice of right to object.

Petitioner's release from custody and departure from the United States renders his petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court dismiss the habeas corpus petition as moot. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 13, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of July, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE